UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EMILE MUSSILLY,

                        Plaintiff,

      -against-

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                      Defendant.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

08 CV 3933 (RJD)

DEARIE, Chief Judge.

      Pro se plaintiff Emile Mussilly brings this action seeking review of the determination of

the Commissioner of Social Security ("Commissioner") that plaintiff was overpaid Supplemental

Security Income benefits ("SSI") for the months of November 2007 and January 2008 due to

excess resources.  Plaintiff contacted his local office of the Social Security Administration to

dispute the Commissioner's determination but he claims not to have received a response to his

inquiries.  Seemingly frustrated with the administrative process, plaintiff filed his complaint

before seeking a hearing before an administrative law judge.  The Commissioner moves to

dismiss the complaint for lack of subject matter jurisdiction because plaintiff failed to exhaust his

administrative remedies and obtain a "final decision" by the Commissioner before filing his

complaint.  Because the Court agrees with the Commissioner, his motion is granted and the

complaint is dismissed.

Discussion

      The plain language of the Social Security Act makes clear that the Commissioner must

make a "final decision" regarding a determination of benefits before a district court has subject

1

matter jurisdiction to review the Commissioner's determination.  See 42 U.S.C. §§ 405(g) and

(h).  This "exhaustion" requirement recognizes that the Commissioner, and not the district court,

"ought to have primary responsibility for the programs that Congress has charged [him] to

administer" so that he can use his experience and expertise to run an efficient administration,

including correcting any errors in the determination of benefits.  See McCarthy v. Madigan, 503

U.S. 140, 145 (1992).  Because the term "final decision" is not defined in the Social Security

Act, the Commissioner (by authority of Congress) has set up a multi-step process through which

a claimant must proceed before a district court has jurisdiction to review the Commissioner's

determination.  Specifically,

> [A]n individual claiming that he or she is entitled to Social Security Disability
> benefits first receives an initial determination. 20 C.F.R. § 404.902, § 416.1402.
> The claimant may seek review of the initial determination by requesting a hearing
> before an ALJ. 20 C.F.R. § 404.929, § 416.1429. If the ALJ renders a decision
> unfavorable to the claimant, he or she may ask the Appeals Council to review the
> ALJ's decision. 20 C.F.R. § 404.967, § 416.1467. Thereafter, the Appeals
> Council either denies the request for review or grants the request and issues its
> own decision. 20 C.F.R. § 404.981, § 416.1481. The Commissioner's decision
> does not become "final" until the Appeals Council takes one of those two actions.
> 20 C.F.R. § 404.981, § 416.1481. Once the Commissioner has rendered the final
> decision, the claimant may seek judicial review by filing an action in federal
> district court. 20 C.F.R. § 404.981, § 416.1481, § 422.210.

Muniz v. Astrue, 2007 WL 4591259, at *2 (S.D.N.Y. Dec. 27, 2007).

Here, it is clear that plaintiff failed to fully exhaust his administrative remedies before

filing his complaint.  Although plaintiff received an initial determination from the Commissioner

that he was overpaid SSI benefits for the months of November 2007 and January 2008, plaintiff

admits in his complaint and in his opposition to the Commissioner's motion that he did not

request an administrative hearing to have the Commissioner's initial determination reviewed.

(See Compl. ¶ 7; Opp. at 5.)  And while plaintiff alleges that he failed to do so because the local

Social Security office was unresponsive to his inquiries, this fact, while unfortunate if true,[1] does not excuse plaintiff from failing to exhaust his administrative remedies as he has not alleged that his legal claims are collateral to his demand for benefits, that exhaustion would be a pro forma or futile gesture, or that he will suffer irreparable harm in the sense that retroactive payment of benefits would not be adequate. See Muniz, 2007 WL 4591259, at *2. Rather, plaintiff was compelled to fully exhaust all of the review procedures put in place by the Commissioner before filing his complaint. Accordingly, because plaintiff failed to exhaust his administrative remedies, there is no "final decision" by the Commissioner for the Court to review and the Court has no choice but to dismiss plaintiff's complaint.

## Conclusion

For all the foregoing reasons, the Commissioner's motion to dismiss is granted and plaintiff's claim is dismissed without prejudice to the plaintiff to file, if necessary, a second complaint after he fully exhausts his administrative remedies. However, given that plaintiff's claim appears to concern a very small amount of money and a narrow factual dispute, the Court hopes that the parties can resolve the dispute efficiently and quickly, thereby dispensing with the need for further litigation. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       December 15, 2009

                                    s/ Judge Raymond J. Dearie

                                    RAYMOND J. DEARIE
                                    United States District Judge

---

[1] The Court notes that, in his reply brief, the Commissioner states that plaintiff was notified after he filed his complaint of the agency's redetermination that he was not eligible for SSI benefits based on excess resources.

3